UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.R. MARKETING, INC. <br> d/b/a AB BOOTH SALES, <br><br> Plaintiff, <br><br> vs. <br><br> MARIO RAMIREZ & WEST COAST <br> CONTRACTORS OF NEVADA, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:14CV1487 CDP <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2013).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of

different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that Plaintiff J.R. Marketing, Inc. is a Missouri corporation with its principal place of business located in Missouri. It further alleges that defendant West Coast Contractors of Nevada is a "Nevada Corporation" and that defendant Mario Ramirez is a "Nevada resident." These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

"In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Sanders*, 823 F.2d at 216 (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) (emphasis in original)). The complaint is deficient, because it fails to allege the principal place of business of the corporate defendant West Coast Contractors of Nevada.

The Complaint also alleges that the individual defendant Ramirez resides in Nevada, but does not allege facts concerning his citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 *Moore's Federal Practice* § 102.31; *see also Sanders*, 823 F.2d at 215 & n.1.

The Court will grant plaintiff fourteen (14) days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 12, 2014**, plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2014.